UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DWIGHT GREGORY SCHINE, by his Next
Friend, Stephen Short,

                Plaintiff,

-against-

NEW YORK STATE OFFICE FOR PEOPLE
WITH DEVELOPMENTAL DISABILITIES
and KERRY DELANEY, in her official
capacity as Acting Commissioner for the New
York State Office for People with
Developmental Disabilities,

                Defendants.
----------------------------------------------------------X

**ORDER**
15-cv-5870 (SJF)(SIL)

FILED
CLERK
2:11 pm, Mar 31 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**FEUERSTEIN, District Judge:**

Plaintiff Dwight Gregory Schine, by his Next Friend, Stephen Short ("Plaintiff" or "Schine"), commenced this action on October 13, 2015, alleging causes of action arising under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 *et seq.* *See* Docket Entry ("DE") [1]. On August 29, 2016, Defendants New York State Office for People with Developmental Disabilities and Kerry Delaney (together, "Defendants") filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). DE [21]. Presently before the Court is Magistrate Judge Steven I. Locke's January 5, 2017 Report and Recommendation (the "Report") recommending that Defendants' motion for judgment on the pleadings be denied in its entirety.[1] DE [24]. On January 19, 2017, Defendants filed a timely objection to Magistrate Judge Locke's

---

[1] The facts and procedural background underlying this action are set forth in the Report, and are not addressed at length herein.

1

Report, and Plaintiff responded to Defendants' objection on February 14, 2017. DE [25], [28]. For the reasons set forth herein, Magistrate Judge Locke's well-reasoned Report is adopted in its entirety, and Defendants' motion for judgment on the pleadings is denied.

I.     **LEGAL STANDARD**

   A.  **Review of a Magistrate Judge's Report**

Pursuant to Fed. R. Civ. P. 72, a magistrate judge may conduct proceedings on dispositive pretrial matters without the consent of the parties. *See* Fed. R. Civ. P. 72(b); *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002) ("A district court may refer, without the parties' consent, both nondispositive and dispositive motions to a magistrate judge for decision or recommendation, respectively."). In reviewing a magistrate judge's report and recommendation, the district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations. *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Any portion of a report and recommendation on a dispositive matter to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "[o]bjections to a report must be specific and clearly aimed at particular findings in the magistrate's proposal." *Frankel v. City of New York*, No. 06-CV-5450, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). Therefore, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Id.* Similarly, where there are no specific written objections to a magistrate judge's report and recommendation, the district court may accept the findings contained therein as long as the factual and legal bases supporting the findings are not clearly erroneous. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).

### B. Judgment on the Pleadings

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, "a court applies the familiar standard applicable to a Rule 12(b)(6) motion." *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 549 (S.D.N.Y. 2013) (citing *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)). Therefore, to survive a motion pursuant to Rule 12(c), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949. The court must "accept as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff." *Polanco*, 930 F. Supp. 2d at 550 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1, 122 S. Ct. 992, 995 (2002)). In deciding a motion for judgment on the pleadings, "the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (internal quotation omitted).

### II. OBJECTIONS

Defendants object to Magistrate Judge Locke's Report on the grounds that: (i) "it misstates the applicable substantive law" under the ADA and Rehabilitation Act; and (ii) it "improperly reads out of § 504 the requirement that denials of benefits had to be solely by reason of the plaintiff's disability to be actionable under § 504." *See* Defendants' Objection to Report and

3

Recommendation ("Defs.' Obj."), DE [25], at 2, 5. Applying the standards set forth above, and for the reasons set forth herein, Defendants' objections to the Report are overruled and their motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is denied.

### A. **Applicable Substantive Law**

It is well established that, to demonstrate a violation of Title II of the ADA, "a plaintiff must prove that (1) he or she is a 'qualified individual' with a disability; (2) that the defendants are subject to the ADA; and (3) that he or she was denied the opportunity to participate in or benefit from the defendants' services, programs, or activities, or was discriminated against by defendants, by reason of his or her disability."[2] *Disability Advocates, Inc. v. Paterson*, 653 F. Supp. 2d 184, 190 (E.D.N.Y. 2009) (citing *Henrietta D. v. Bloomberg*, 331 F.3d 261, 282 (2d Cir. 2003)). Relevant here, "[o]ne form of discrimination by reason of disability is a violation of the integration mandate of Title II of the ADA and Section 504." *Disability Advocates, Inc.*, 653 F. Supp. 2d at 190 (internal alteration and quotation marks omitted); *see also Helen L. v. DiDario*, 46 F.3d 325, 333 (3d Cir. 1995) ("[T]he ADA and its attendant regulations clearly define unnecessary segregation as a form of illegal discrimination against the disabled."). Pursuant to the ADA's "integration mandate," public entities must "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d); *see also* 28 C.F.R. § 41.51(d) (providing for a substantially identical integration mandate under the Rehabilitation Act); *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 597, 119 S. Ct. 2176, 2185 (1999) ("Unjustified isolation . . . is properly regarded as discrimination

---

[2] As Magistrate Judge Locke observed in the Report, "[t]he Complaint clearly alleges and Defendants do not substantively dispute that Plaintiff is a qualified individual due to his developmental and mental-health-related disabilities and that Defendants are subject to the ADA and Rehabilitation Act by virtue of being a state entity participating in federal funding." Report at 12. In their objection to the Report, Defendants again do not dispute that Plaintiff has adequately alleged the first two factors necessary to demonstrate a violation under Title II of the ADA.

based on disability."). Therefore, "[a] failure to provide placement in a setting that enables disabled individuals to interact with non-disabled persons to the fullest extent possible violates the ADA's integration mandate." *Joseph S. v. Hogan*, 561 F. Supp. 2d 280, 289-90 (E.D.N.Y. 2008) (citing 35 C.F.R. Pt. 35, App. A at 450).

However, a state's failure to make a "reasonable modification" to its plan or provision of services in order to adhere to the integration mandate may be excused where the "public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i); *see also Olmstead*, 527 U.S. at 603, 119 S. Ct. at 2188 ("The reasonable-modifications regulation speaks of 'reasonable modifications' to avoid discrimination, and allows States to resist modifications that entail a 'fundamental alteration' of the States' services and programs.") (internal alteration omitted); *Wright v. Giuliani*, 230 F.3d 543, 548 (2d Cir. 2000) (observing that the Second Circuit has "distinguished between:  (i) making reasonable accommodations to assure access to an existing program and (ii) providing additional or different substantive benefits"); *Disability Advocates, Inc.*, 653 F. Supp. 2d at 184 ("A state's failure to provide services in the most integrated setting appropriate is excused only when the state can demonstrate that the relief sought would result in a 'fundamental alteration' of the state's service system."). The determination of whether a requested modification of a state's plan or provision of services constitutes a fundamental alteration "involves a specific, fact-based inquiry" that should consider "Defendants' efforts to comply with the integration mandate with respect to the population at issue and the fiscal impact of the requested relief, including the impact on the State's ability to provide services for other individuals with mental illness." *Disability Advocates, Inc.*, 653 F. Supp. 2d at 192; *see also Mary Jo C. v. New York State & Local Ret. Sys.*, 707 F.3d 144, 165 (2d Cir. 2013) ("Because the determination of what constitutes reasonable modification

is a highly fact-specific, case-by-case inquiry, whether the plaintiff's proposed alternative . . . constitutes a reasonable modification or a fundamental alteration cannot be determined as a matter of law on the record before us.") (internal quotation and alterations omitted).

According to Defendants, Plaintiff claims that "the State should allow him to use [his allocated budget] in any way he chooses if it will help him remain out of an undesired institution" because his "allotted budget was more than $92,000 overall (including State-only funds and Medicaid funds)." Defs.' Obj. at 4-5. As an initial matter, although Defendants acknowledge that Schine seeks to "remain out of an undesired institution," *see id.*, Plaintiff specifically alleges that, "[u]nless the stress and anxiety of [his] unworkable living situation is remedied, [he] will continue to worsen to the point where he will not be able to live in the community and will have to be institutionalized." Compl. ¶¶ 27-39, 52. Plaintiff further alleges that, in order to prevent institutionalization, he seeks to be relocated to "an independent living facility known as the Atria Enriched Housing Program" ("Atria"). *Id.* at ¶ 39. Plaintiff's allegations, accepted as true, are sufficient to implicate the ADA's integration mandate such that Defendants must "administer [their] services, programs, and activities in the most integrated setting appropriate to" Plaintiff's needs. 28 C.F.R. § 35.130(d); *see also Davis v. Shah*, 821 F.3d 231, 264 (2d Cir. 2016) ("[A] plaintiff may state a valid claim for disability discrimination by demonstrating that the defendant's actions pose a serious risk of institutionalization for disabled persons."); *cf. Frank v. Sachem Sch. Dist.*, 84 F. Supp. 3d 172, 186 (E.D.N.Y. 2015) (holding that the integration mandate did not apply where the plaintiff was "not an individual who [was] currently residing in an institution or at risk of institutionalization"). As Plaintiff alleges that he was "not in the most integrated setting appropriate to [his] needs," *see Disability Advocates, Inc. v. Paterson*, 598 F. Supp. 2d 289, 333-34 (E.D.N.Y. 2009), the burden of persuasion "shifts to the defendant to show that making the

[program or service] readily accessible would result in a fundamental alteration of the nature of services or an undue burden." *Brown v. Cty. of Nassau*, 736 F. Supp. 2d 602, 612 (E.D.N.Y. 2010); *see also Olmstead*, 527 U.S. at 603, 119 S. Ct. at 2188.

Relying upon *Pennsylvania Dep't of Pub. Welfare v. U.S. Dep't of Health & Human Servs.*, 647 F.3d 506 (3d Cir. 2011), Defendants argue that the relief that Plaintiff seeks is not a reasonable modification, but rather, is a fundamental alteration of Defendants' services because "requiring them to reallocate funds in the manner requested by plaintiff would violate both federal and state law, as well as the State's home and community based services waiver . . . ." Defs.' Obj. at 3. Specifically, Defendants claim that provisions of the Medicaid statute, "expressly prohibit the use of Medicaid funds for room and board," and that "a special allocation of funding that would violate the law" would "thereby constitute a new benefit." *Id.* at 3-5 (citing 42 U.S.C. § 1396n(c)(1)). However, Defendants' reliance upon *Pennsylvania Dep't of Pub. Welfare* in support of their argument that "the actual accommodation sought by plaintiff . . . would require defendants to violate the law," *see* Defs.' Obj. at 5, is misplaced, as the Third Circuit did not hold that Pennsylvania violated the law by "provid[ing] habilitation services in nearly 2,200 non-profit or county-owned community residential facilities," but rather, merely held that Pennsylvania was not entitled to federal reimbursement for any such occupancy costs that "constituted 'room and board' expenses . . . ." 647 F.3d at 509-10. Furthermore, although the Medicaid statute's waiver provision "specifically excludes room and board from coverage," Defendants concede that Schine's current allotted budget of approximately ninety-two thousand, nine hundred and thirty-eight dollars ($92,938.00) includes both "State-only funds and Medicaid funds." *See* Defs.' Obj. at 4-5; *see also* Compl. ¶ 56. Plaintiff alleges that by relocating to Atria, he "would reduce his Self Hired Community Habilitation Staff cost and Support Brokerage cost from $56,294 to $26,130, and

7

would reduce the funds allotted for socialization such as classes, a consultant, a gym, mileage and miscellaneous household from $20,018 to $2,356." Compl. ¶ 60. It is unclear whether any such reductions to Plaintiff's budget would make additional "State-only funds" available for reallocation such that Plaintiff's proposed modification would not require that Medicaid funds be allocated to room and board, and in *Pennsylvania Dep't of Pub. Welfare*, the court observed that, from 2001 through part of 2006, Pennsylvania had "paid for residents' room and board in . . . facilities *using a combination of state funds and the residents' Supplemental Security Income*." 647 F.3d at 510 (emphasis added). As Defendants concede that Plaintiff's current budget includes certain "State-only funds" that may be properly spent on room and board expenses, and because the question of whether a proposed alternative to a state's plan constitutes a reasonable modification or a fundamental alteration thereof is a "fact-specific, case-by-case inquiry," *see Mary Jo C.*, 707 F.3d at 165, the Court is unable to determine as a matter of law that Plaintiff's proposed reallocation of funds allowing him to relocate to Atria would require Defendants to "violate federal and state law . . . and would thereby constitute a new benefit." *See* Defs.' Obj. at 5; *see also Disability Advocates, Inc.*, 653 F. Supp. 2d at 192 (observing that whether a revision to a state's plan constitutes a reasonable modification thereof is a question of fact).

However, even accepting as true Defendants' contention that "the actual accommodation sought by plaintiff—to reallocate his Medicaid-funded budget to a non-approved budget category—would *require* defendants to violate the law as well as their federally-approved waiver," *see* Defs.' Obj. at 5 (emphasis added), they fail to establish that any such reallocation would necessarily result in the reallocation of Medicaid funds to a non-approved budget category. To the contrary, Plaintiff alleges that Atria's five thousand, one hundred and twenty-one dollar ($5,121.00) monthly fee "is not just a 'housing cost,'" but rather, that it "includes most of the

8

services Schine needs which are normally provided by Self Hired Habilitation Staff." Compl. ¶ 60. As neither Plaintiff's Complaint nor the evidence submitted in support of Defendants' motion for judgment on the pleadings establish what portion of Atria's monthly fee is dedicated to room and board, and what portion is dedicated to the other services Schine "needs which are normally provided by Self Hired Habilitation Staff," *see id.*, Defendants are unable to demonstrate as a matter of law that Plaintiff's current monthly housing subsidy of one thousand, three hundred and thirty-nine dollars ($1,339.00) would be insufficient to pay for the portion of Atria's fee dedicated to room and board such that Medicaid funds would necessarily be impermissibly reallocated. Therefore, Defendants have failed to demonstrate that the "actual accommodation sought by plaintiff . . . would *require* defendants to violate the law," *see* Defs.' Obj. at 5 (emphasis added), and their first objection to Magistrate Judge Locke's Report is overruled.

### B. **Plaintiff's Rehabilitation Act Claim**

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, *solely by reason of her or his disability*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). In their second objection to the Report, Defendants argue that Plaintiff failed to state a claim arising under the Rehabilitation Act because "the entire thrust of the complaint is that defendants' conduct was not based upon any alleged discriminatory animus to his disability, but rather was attributable to cost reasons." Defs.' Obj. at 6. According to Defendants, the Report "cited no post-*Iqbal* decisions to support its implicit conclusion that plaintiff had adequately pleaded facts making plausible his contention that the defendants' conduct was 'solely' because of plaintiff's disability." *Id.* However, as discussed above, "[o]ne form of discrimination by reason of disability is a violation of the integration

9

mandate of Title II of the ADA and Section 504," *see Disability Advocates, Inc.*, 653 F. Supp. 2d at 190, and Magistrate Judge Locke observed that "Plaintiff does not claim that he required and/or was denied a reasonable accommodation for any reason other than his disability." Report at 10 (citing *Logan v. Matveevskii*, 57 F. Supp. 3d 234, 255 (S.D.N.Y. 2014)). Accordingly, Plaintiff adequately alleges that Defendants' allegedly discriminatory conduct was "solely by reason of . . . his disability," *see* 29 U.S.C. § 794(a), and his claims "do not implicate any of the 'subtle differences' between [the ADA and Rehabilitation Act]." Report at 10; *see also Logan*, 57 F. Supp. 3d at 255. Therefore, Defendants' second objection to Magistrate Judge Locke's Report is overruled.

### C. Remainder of the Report and Recommendation

As discussed above, the Court must review those portions of a report and recommendation to which no objections have been filed for clear error. *See Frankel*, 2009 WL 465645, at *2. Having reviewed the remainder of Magistrate Judge Locke's Report for clear error, and having found none, the Court adopts Magistrate Judge Locke's January 5, 2017 Report and Recommendation in its entirety. Therefore, Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is denied.

### III. CONCLUSION

For the reasons set forth herein, Defendants' objections to Magistrate Judge Locke's January 5, 2017 Report and Recommendation are overruled, and the Report is adopted in its entirety. Therefore, Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is denied.

Dated: Central Islip, New York  **SO ORDERED.**
     March 31, 2017

                                            *s/ Sandra J. Feuerstein*
                                            Sandra J. Feuerstein
                                            United States District Judge